UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 4:22-CR-33-S3-14 |
| | § |
| (14) RICHARD THOMAS GRASSIE | § |
| Defendant. | § |

## PLEA AGREEMENT

The United States of America, by and through Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, and Eun Kate Suh and Jay Hileman, Assistant United States Attorney, and the defendant, Richard Thomas Grassie ("Defendant"), *pro se*, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count 3 of the Third Superseding Indictment. Count 3 charges Defendant with Conspiracy to Make False Statements to Mortgage Lending Businesses and Financial Institutions, in violation of Title 18, United States Code, Section 371 and Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the Third Superseding Indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Count 3, Title 18, United States Code, Section 371, is imprisonment of not more than 5 years, a fine of not more than $250,000, and a term of supervised release after imprisonment of not more than 3 years. *See* Title 18, United States Code, Sections 3559(a)(4) and 3583(b)(2). Defendant acknowledges and

understands that if he should violate the conditions of any period of supervised release which may be imposed as a part of his sentence, then Defendant may be imprisoned for not more than 2 years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Sections 3559(a)(2) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3. Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## The United States' Agreements

4. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Count 3 of the Third Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the Third Superseding Indictment at the time of sentencing. Further, the United States agrees not to bring additional charges against Richard Thomas Grassie for crimes known to the government at this time. The Defendant agrees that with respect to any and all dismissed charges, he is not a "prevailing party" within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law;

(b) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States

to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

(c) The United States agrees to recommend that the advisory sentencing guidelines be applied as follows:

6- base offense level
10- intended loss under Section 2B1.1(b)(1)(F)
-3- acceptance of responsibility
13- total offense level          Criminal History Category I
Advisory guidelines range of 12- 18 months imprisonment

The United States agrees to recommend a sentence of time served. The United States also agrees that Richard Thomas Grassie will not be further prosecuted for crimes within the scope of this indictment. The United States agrees to recommend the Court waive the Presentence Report (PSR) in this case and agrees to recommend that Richard Thomas Grassie not be ordered to serve a term of supervised release.

## Agreement Binding - Southern District of Texas Only

5. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the Third Superseding Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

6. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

(a) to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b) to set forth or dispute sentencing factors or facts material to sentencing;

3

(c)  to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)  to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)  to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

7.  Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

8.  Defendant understands that by entering into this agreement, he surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)  If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel.

4

        The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

## Factual Basis for Guilty Plea

9.     Defendant is pleading guilty because he is in fact guilty of the charges contained in Count 3 of the Third Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Jeff Funding was a credit repair company located in Spring, Texas. The defendant conspired with Mary Ann O'Malley, Heather Campos, also known as "Jill Turner", and others at Jeff Funding to make false statements to mortgage lending businesses and financial institutions to induce those entities to make mortgage loans. On or about December 2, 2019, Jeff Funding obtained a mortgage on a house located at 4009 Avenue O1/2 in Galveston, Texas on behalf of a straw buyer client named Mary Ann O'Malley. The mortgage application falsely claimed that the straw buyer was employed at the defendant's company called Richard's Custom Water, receiving a falsely inflated salary. The defendant falsely verified the straw buyer's employment and salary, knowing that she was not employed by his company and did not earn a salary of $162,000 there.

The defendant also knew that he had made false statements on the buyer's behalf to a mortgage lending business to induce the business to approve the loan.

The facts set forth herein are a summary and are not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the Defendant's plea to the offense set forth in Count 3 of the Third Superseding Indictment.

**Complete Agreement**

10. This written plea agreement, consisting of 6/13 pages, including the attached addendum of Defendant and his attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he is guilty.

11. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at _Houston_, Texas, on _April 16_, 2024.

_____
RICHARD THOMAS GRASSIE
Defendant, *pro se*

Subscribed and sworn to before me on _April 16_, 2024

                                        NATHAN KYLE OCHSNER
                                        UNITED STATES DISTRICT CLERK

                          By:    _____
                                    Deputy United States District Clerk

APPROVED:

        Alamdar S. Hamdani
        United States Attorney

By:    _____
        Eun Kate Suh
        Jay Hileman
        Assistant United States Attorneys
        Southern District of Texas