UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:22-CR-00033-13 |
| | § | (HON. KEITH P. ELLISON) |
| KIMBERLI ANN TOMMAN | § | |

### KIMBERLI TOMMAN'S MOTION IN LIMINE

TO THE HONORABLE KEITH P. ELLISION, UNITED STATES DISTRICT JUDGE:

Defendant Kimberli Ann Tomman through her counsel Eric Reed files this Motion in Limine respectfully requesting the Court prohibit the government from introducing evidence without first approaching the Court relating to:

1. Any internal inquiry or disciplinary actions (whether merely considered, proposed or actually issued) conducted by Caliber Home Loans in September 2018 relating to a loan application in August 2019. While documentation from the inquiry reflects derogatory opinions of the conduct of Ms. Tomman and others, no conclusions appear to have been reached by Caliber regarding Ms. Tomman. Further, the inquiry led to no formal charges, civil actions, or administrative or disciplinary actions against Ms. Tomman.

2. An application for a Small Business Administration (SBA) Disaster Loan by Ms. Tomman's company Gleannloch Farms in September 2020. The loan was denied and never funded. It is unrelated to the instant case insofar as this loan is not mentioned as an overt act in the charged conspiracy or as a substantive charge.

3. Suspicions relating to computer equipment allegedly taken from the premises of Ms. Tomman's employer in 2018. These allegations do not appear to have been investigated by law enforcement, led to no complaints or charges from the employer, and were not adjudicated in any way. The allegations are not related to the instant indictment.

1

4. Any other evidence that is not relevant or probative of any charges or issues in this case involving charged and uncharged conduct for which prior and timely notice by the government under Federal Rules of Evidence 404(b) is required.

I.

Defendant respectfully moves this Court before trial *in limine* under Rules 103 and 104 of the Federal Rules of Evidence for an order instructing the government's attorneys, its representatives, and witnesses to refrain from making any direct or indirect reference whatsoever at trial before the jury of any other extraneous crimes or misconduct by the accused or other defense witnesses in the above-captioned cause or any crimes or misconduct until a hearing has been held outside the presence of the jury to determine the following:

1. Whether defendants or witnesses were formally charged and convicted within the past ten years of said criminal conduct and said conviction carried a maximum punishment of more than one year or said criminal offense involved dishonesty or false statements and would be admissible for impeachment purposes pursuant to Rule 609 of the Federal Rules of Evidence.

2. If no conviction and not offered for impeachment purposes, then whether said "other crimes" or misconduct fits one of the exceptions to the general rule excluding such evidence tending to prove general character pursuant to Rule 404(b) of the Federal Rules of Evidence, and then only in rebuttal.

3. Even if said "other crimes' were to constitute one of the Rule 404(b) exceptions, its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading, unnecessary or cumulative pursuant to Rule 403 of the Federal Rules of Evidence.

II.

Defendant may wish to present a defense to the allegations, to take the stand and testify on her own behalf, or call witnesses on her behalf.  In response to such testimony or in its case-in-chief, the government through its attorney or agents or witnesses may seek to admit evidence or refer to alleged acts of misconduct for which the Defendant is not specifically being tried.  Such conduct would allow the government attorney to get before the jury the fact that Defendant or other defense witnesses committed other and extraneous offenses other than the one for which she is on trial herein, which are remote in time, and which are not relevant to the question of Defendant or other defense witnesses' truthfulness and veracity, and would further allow the attorney for the government to get before the jury other crimes that do not constitute an exception to the rule against such general character evidence or which is prejudicial or not needed by the government in their case-in-chief or which is immaterial and unnecessary to the disposition of this case.

Finally, an ordinary objection during the course of trial will not remove such effect due to its highly prejudicial content even if the objection is sustained with proper instructions to the jury.  Thus, the admissibility of such matters should be determined outside the presence of the jury insofar as they may be inadmissible for impeachment purposes or not relevant to the trait of truthfulness of either the Defendant or the defense witnesses, and may be so prejudicial as to outweigh any

probative value these matters may have.

### III.

Accordingly, Defendant Kimberli Tomman respectfully requests this Court conduct a hearing outside the presence of the jury to determine admissibility of any matters raised in this Motion that are not so named in the Indictment presently pending against Ms. Tomman, and to further instruct the government to inform its witnesses not mention in any way, or to allude to any of these matters until a hearing has been conducted outside the presence of the jury

                          Respectfully submitted,

                           /s/   *Eric Reed*
                          Eric Reed
                          THE REED LAW FIRM, PLLC
                          State Bar No. 00789574
                          Federal I.D. No. 17904
                          912 Prairie Street, Suite 100
                          Houston, Texas 77002
                          (713) 600-1800 (Tel)
                          (713) 600-1840 (Fax)

                          ATTORNEY FOR DEFENDANT
                          KIMBERLI ANN TOMMAN

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 30, 2024, I electronically filed the above Motion in Limine using the Court's electronic filing system, and an electronic notification of the same was sent automatically to Assistant United States Attorneys Eun Kate Suh and Jay Hileman, and to all other counsel of record. Copies were also sent via electronic mail to Ms. Suh and Mr. Hileman.

                                       */s/   Eric Reed*
                                       Eric Reed