UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § |
| vs. | § <br> § |
| (11) BLANKA UHROVCIKOVA <br> aka Blanka Williams | §    Case No. 4:22-cr-33-S3 <br> § <br> § |

## PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, and Eun Kate Suh and Jay Hileman, Assistant United States Attorneys, and the Defendant, Blanka Uhrovcikova aka Blanka Williams ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count 24 of the Third Superseding Indictment (Indictment). Count 24 charges the Defendant with conspiracy to make false statements to the Federal Trade Commission in violation of Title 18, United States Code, Section 371. Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment

either charged in the Third Superseding Indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2.  The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 371 is imprisonment of not more than five years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of up to three years. *See* Title 18, United States Code, Sections 3559(a)(4) and 3583(b)(2). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, sections 3559(a)(4) and 3583(e). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

## Mandatory Special Assessment

3.  Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Waiver of Appeal and Collateral Review

4.      Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. Defendant's knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the Defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s). In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks her conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

5.      In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that she may have

received from her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

6. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Plea Agreement.

## The United States' Agreements

7. The United States agrees to each of the following:

   (a) If the Defendant pleads guilty to Count 24 of the Third Superseding Indictment and persists in that plea through sentencing, and if the Court accepts this Plea Agreement, the United States will move to dismiss any remaining counts of the Third Superseding Indictment at the time of sentencing; and

   (b) If the Court determines that Defendant qualifies for an adjustment under Section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of Section 3E1.1(a) is 16 or greater, the United

States will move under Section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently and will not oppose Defendant's request for probation.

## Agreement Binding

8. The United States will not further criminally prosecute the Defendant for offenses arising from conduct charged in the Third Superseding Indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this Plea Agreement to the attention of other prosecuting offices, if requested.

## United States' Non-Waiver of Appeal

9. The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

    (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

    (b) to set forth or dispute sentencing factors or facts material to sentencing;

    (c) to seek resolution of such factors or facts in conference with the Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with Section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

10. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offenses to which the Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

## Rights at Trial

11. Defendant understands that by entering into this agreement, she surrenders certain rights as provided in this Plea Agreement. Defendant understands that the rights of a defendant include the following:

    (a) If the Defendant persisted in a plea of not guilty to the charges, the Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the Defendant, the United States, and the Court all agree.

    (b) At a trial, the United States would be required to present witnesses and other evidence against the Defendant. The Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court; and

    (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the Defendant desired to do so, she could testify on her own behalf.

## Factual Basis for Guilty Plea

12. Defendant is pleading guilty because she **is** in fact guilty of the charges contained in Count 24 of the Third Superseding Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others, would be offered to establish Defendant's guilt:

From May 2019 to May 2020, the defendant willfully agreed with Heather Ann Campos and other employees of Jeff Funding to make false statements to the Federal Trade Commission (FTC). At that time, the defendant was a client of Jeff Funding, a company operating and based in Harris and Montgomery County, Texas. Jeff Funding helped its clients improve their credit by making false statements to the FTC. The FTC is a part of the executive branch of the United States government. Part of the FTC's responsibilities is to receive complaints about false entries on the credit reports of individuals. In June of 2019, Jeff Funding filed an identity theft report with the FTC disputing the defendant's student loan debts incurred while attending Brigham Young Law school. This was done on behalf of the defendant to improve her credit. The defendant knew this report was made on her behalf and knew that it was false and material. The report to the FTC on the defendant's behalf was concerning a matter within the jurisdiction of the executive branch of the United States government.

The facts set forth herein are a summary and are not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the Defendant's plea to the offense set forth in Count 24 of the Third Superseding Indictment.

**Breach of Plea Agreement**

13.   If the Defendant should fail in any way to fulfill completely all of the

obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time the Defendant retains, conceals, or disposes of assets in violation of this Plea Agreement, or if the Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against the Defendant in any prosecution.

### Restitution, Forfeiture, and Fines – Generally

14. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which she has an interest, unless Defendant obtains the prior written permission of the United States.

15. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500 or similar form) within 14 days of signing this Plea Agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax

information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

16. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of her assets to deliver all funds and records of such assets to the United States.

17. Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

18. Defendant agrees to pay any applicable restitution regardless of the count of conviction. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victims. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 4 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

## Forfeiture

19. Defendant stipulates and agrees that any applicable property listed in any Notice of Forfeiture (and in any supplemental Notices) is subject to forfeiture, and the Defendant agrees to the forfeiture of that property.

20. Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

21. Defendant consents to any order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

22. Subject to the provisions of paragraph 4 above, Defendant waives the right to challenge any applicable forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

## Fines

23. Defendant understands that under the Sentencing Guidelines the Court is permitted to order the Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Subject to the provisions of paragraph 4 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

## Complete Agreement

24. This written Plea Agreement, consisting of 16 pages, including the attached addendum of Defendant and her attorney, constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. No promises or representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

25. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on ____August 5____, 20_25_.

_____
Blanka Uhrovcikova
Defendant

Subscribed and sworn to before me on ____August 5____, 20_25_.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By: _____
Deputy United States District Clerk

APPROVED:

NICHOLAS J. GANJEI
United States Attorney

By: _____          _____
Eun Kate Suh                                                    Dan Cogdell
Jay Hileman                                                      Anthony Osso
Assistant United States Attorneys                   Counsel for Defendant
Southern District of Texas

<br>

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| vs. | § § § § | |
| **(11) BLANKA UHROVCIKOVA**<br>aka Blanka Williams | § § § § | Case No. 4:22-cr-33-S3 |
| **Defendant.** | § | |

**PLEA AGREEMENT ADDENDUM**

I have fully explained to Defendant her rights with respect to the pending Third Superseding Indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the

maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____         _____8/5/25_____
Dan Cogdell                              Date
Anthony Osso
Attorney for Defendant


I have consulted with my attorney and fully understand all my rights with respect to the Third Superseding Indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____         ____08/05/2025_____
Blanka Uhrovcikova                       Date
Defendant